IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

FILED
AUG 27 2002
LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | CIVIL ACTION NO.:0:02-1968-10 |
| Plaintiff, | |
| v. | AMENDED ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF DEFENDANT ANTHONY M. BRIDA, INC. |
| ANTHONY M. BRIDA, INC. and CHATA COATING AND LAMINATING, INC., | |
| Defendant, | |
| And | |
| ANTHONY M. BRIDA, INC., | |
| Third-party Plaintiff, | |
| v. | |
| SAMUEL P. MARTIN INSURANCE AGENCY, INC. D/B/A THE MARTIN COMPANY, | |
| Third-party Defendant. | |

The Defendant Anthony M. Brida, Inc. hereby answering the Complaint and by way of a Counterclaim and Third-party Complaint states as follows:

### FIRST DEFENSE

1. Each and every allegation in the Complaint for Declaratory Judgment not herein specifically admitted, qualified or explained is denied.

1

2. Defendant admits Brida issued the policy annexed to its Complaint and notes that no further response to paragraphs 9 through 11 are necessary in that the policy speaks for itself.

3. Brida admits paragraph 2. The Complaint filed by Chata against Brida and pending in Civil Action No. 02-1385-10 speaks for itself and no further response to paragraphs 12 through 14 of the Complaint is necessary.

4. Brida denies that damage for Chata's property is excluded from coverage by exclusion B.2.e. of the cargo coverage form as alleged in paragraph 15 and denies that Hartford is entitled to a declaration of non-coverage as requested in paragraph 16.

5. The Complaint in the cargo action speaks for itself. Otherwise, Brida denies the allegations in the second cause of action set forth in paragraphs 17 through 20.

6. The Complaint in the cargo action speaks for itself with respect to lost profits, reputation, good will, and consequential damage. Otherwise, Brida denies the allegations set forth in the third cause of action (paragraphs 21 through 24).

7. Brida admits the maximum amount of any indemnity for which it may be liable under the policy for claims alleged in the Complaint is $999,000 as set forth in the fourth cause of action (paragraphs 25-28).

2

8. Brida denies the Hartford has no obligation to provide it with a suitable defense to the cargo action as alleged in paragraphs 29 through 31 of the Complaint.

### SECOND DEFENSE

9. Policy exclusion B.2.e of the cargo coverage form relied upon by Hartford is ambiguous and should be construed in favor of Brida.

10. Brida transports shipments in enclosed vans and on flat beds and low boy trailers which are exposed to the elements.

11. The perils excluded by paragraph 2(b)(e) are perils which ordinarily affect lading in enclosed vans to wit: "Rust corrosion, contamination, leakage, breakage, marring, scratching, wetness, dampness, and exposure to light and darkness." Omitted from the excluded perils are inclement weather, rain, snow, ice, etc. which perils pose substantial risk for flat bed carriers.

12. A flat bed carrier in purchasing a cargo policy would not find a policy which excluded inclement weather as suitable for its intended purpose and accordingly the language of the exclusion should not be construed to exclude this type of coverage.

13. The above premises considered, Brida submits that it should have the benefit of the most favorable construction.

3

## THIRD DEFENSE

14. The above premises considered, Brida submits that Hartford was negligent in drafting clear and precise language in its policy and should be required to afford coverage in these circumstances.

## FOURTH DEFENSE

15. The above premises considered, Brida submits that the policy of insurance should be construed consistent with the fitness of purpose and that failure to extend coverage to a flat bed hauler for the perils of inclement weather is a material defect which requires contract reaffirmation.

## FIFTH DEFENSE

16. The above premises considered, Brida submits that the exclusions relied upon by Hartford are ordinarily used by it in writing closed van coverage and that Hartford should be estopped from relying upon these exclusions whereas here, its proffered interpretation of such language would defeat the coverage which Brida, and similarly situated flat bed haulers, should reasonably expect.

## SIXTH DEFENSE AND BY WAY OF A COUNTERCLAIM

17. Defendant reiterates the allegations contained in Paragraph Nos. 1 through 16 as if fully states herein.

18. The policy of insurance at issue here was procured through Samuel P. Martin Insurance Company, Inc. d/b/a The Martin Company ("The Martin Company"), a third party defendant and licensed insurance agent. As set forth in the third party complaint, The Martin Company was made familiar with the nature of Brida's heavy hauling or flat bed operation and was expressly told that a policy without exclusions similar in nature to coverage formerly provided by Liberty Mutual would be required.

19. On information and belief, Brida alleges that The Martin Company expressly advised Hartford, the underwriter of the needed coverage, and that the Hartford negligently and improperly failed to advise The Martin Company or Brida that its interpretation of the exculpatory language would preclude the type of loss for which coverage is sought here.

## THIRD-PARTY COMPLAINT

20. Defendant reiterates the allegations contained in Paragraph Nos. 1 through 19 as if fully stated herein.

21. Brida is an interstate motor carrier which has been sued, along with others, for an alleged cargo loss in Civil Action No. 0-02-1385-10, pending in this Honorable Court, *Chata Coating & Laminating, Inc. v. International Transport Systems, Inc., Anthony M. Brida, Inc. and Mark Crouse Trucking, Inc.*

5

22. The Hartford has begun this declaratory judgment action in an effort to disavow any indemnity obligation for the loss pursuant to exclusions in its cargo policy.

23. The Martin Company is a New Jersey corporation and independent insurance agent domiciled at 500 Jessup Road, West Deptford, New Jersey 08066, which acted as an insurance agent or broker in procuring and/or selling the Hartford policy to Brida.

### JURISDICTION AND VENUE

24. In the ordinary course of its business, The Martin Company, procures insurance for interstate motor carriers who in turn are authorized by the Federal Motor Carrier Safety Administration to conduct operations in the 48 contiguous states.

25. The Martin Company issues certificates of insurance evidencing the existence of liability and cargo coverage for carriers providing services to or from points in South Carolina.

26. The motor carriers and insurers it represents are licensed and qualified to do business in South Carolina.

27. The cargo loss which is the subject matter of the cargo claim suit and this corresponding declaratory action occurred in South Carolina.

28. The South Carolina long arm statute confirms jurisdiction over this Defendant. Venue is proper here in view of the corresponding declaratory judgment action.

6

## COUNT ONE

29. Brida reincorporates and realleges the allegations contained in paragraphs 1-29 as though fully restated herein.

30. During the Fall of 1998, representative of Brida contacted Samuel Martin of The Martin Company as well as five other New Jersey insurance agents for the purposes of obtaining quotations on liability and cargo coverage to meet its needs.

31. Brida is an interstate motor carrier regulated by the Federal Motor Carrier Safety Administration and is required to have liability (personal injury and property damage) coverage in the amount of $1,000,000 per occurrence with a Form BMC-91X on file. In addition, Brida is required to have cargo coverage (Form BMC-34) and is liable to the shipping and receiving public under the Carmack Amendment, 49 U.S.C. §14706, for the full destination value of cargo lost or damaged in transit subject only to five common law exceptions.

32. At all times, Brida represented to The Martin Company and the other insurance groups that it required a true all-risk motor cargo policy, providing The Martin Company with a copy of its expiring Liberty Mutual policy and requesting coverage "apples for apples."

33. At all times here relevant, The Martin Company, through Samuel Martin, its President, was offered full access to the books and records of the Brida Company and was afforded

7

information concerning the scope of its operations and its insurance needs.

34. At all times The Martin Company, through Samuel Martin, represented itself as a skilled insurance professional, experienced in the placing of truck insurance and fully qualified to negotiate and provide to Brida the type of insurance suitable for its needs.

35. As a result of negotiations, The Martin Company presented Brida with a competitive quote from The Hartford for a policy for cargo coverage which it represented would meet Brida's express needs and Brida without notice of defect or any substantial exclusion accepted The Hartford cargo policy for which The Martin Company received commissions payable by The Hartford for the calendar year 1999 and 2000, and said policy was subsequently renewed under identical terms.

36. At no time did The Martin Company advise Brida that the language of said policy or any possible interpretation of said language would exclude coverage resulting from the effects of rain, sleet or snow on untarped or poorly tarped flat bed shipments.

37. The Martin Company, when engaged by Brida to obtain insurance, owes Brida the exercise of good faith and reasonable skill, care and diligence in the execution of its commission.

38. At all times here relevant, The Martin Company undertook to supply Brida with a policy which provided co-extensive coverage with the Liberty Mutual policy which provided no exclusion for losses resulting from corrosion, wetness, or moisture.

39. In the event The Hartford prevails upon its theory that the policy at issue does not provide indemnity to Brida, then Brida submits that The Martin Company was negligent in failing to procure insurance it requested and is accordingly liable to it for the loss sustained.

## COUNT TWO

40. Brida reincorporates and realleges the allegations contained in paragraphs 1-40 as though fully restated herein.

41. Brida submits that it properly relied upon The Martin Company to have the requisite degree of skill, knowledge of the trucking industry and knowledge of insurance to, in the exercise of good faith, provide it with insurance coverage designed to meet its needs.

42. If the Hartford prevails upon its theory, Brida submits that the policy thus provided is so materially deficient as to cause a breach of The Martin Company's duty of good faith.

## COUNT THREE

43. Brida reincorporates and realleges the allegations contained in paragraphs 1-43 as though fully restated herein.

9

44. Brida relied upon the representations of The Martin Company and the Doctrine of Promissory Estoppel should require The Martin Company to indemnify Brida in the event that Hartford's policy coverage is found to be defective.

## COUNT FOUR

45. Brida reincorporates and realleges the allegations contained in paragraphs 1-45 as though fully restated herein.

46. If the policy is found to preclude coverage then same is materially deficient and The Martin Company should be held liable to Brida for breach of its duty to exercise reasonable skill and ordinary diligence.

## COUNT FIVE

47. Brida reincorporates and realleges the allegations contained in paragraphs 1-26 as though fully restated herein.

48. If the Court determines that The Hartford policy does not provide coverage, then the Court should find that The Martin Company breached its duty to provide Brida with the coverage which it undertook to supply.

WHEREFORE, Defendant Anthony M. Brida, Inc. prays that the this Court issue its Order determining that the Plaintiff should provide it coverage and a defense in the Cargo Action; award attorney's fees and costs to Defendant for both the Cargo Action and this case; and if such relief is not granted, that it be awarded the same relief from Third-Party Defendant Samuel P.

Martin Insurance Agency, Inc. d/b/a The Martin Company, as well as the costs and disbursements of the Third-Party action and any other relief this Court deems just and equitable.

*David Popowski*
David Popowski
U.S. District Court No.3097
Street Address:
171 Church Street, Ste. 110
Charleston, SC 29401
Mailing Address:
P.O. Box 1064
Charleston, SC 29402
843/722-8301        office
843/722-8309        fax
lawdpop@aol.com     e-mail

*Henry E. Seaton* DP
Henry E. Seaton
Seaton & Husk,
703/573-0700        office
703/573-9786        fax
heseaton@aol.com    E-mail

ATTORNEYS FOR THE DEFENDANT
ANTHONY M. BRIDA, INC.

Charleston, South Carolina
August 27, 2002

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Amended Answer, Counterclaim and Third-Party Complaint of Defendant Anthony M. Brida, Inc. has been served upon the following by mailing a copy properly addressed and with sufficient potage properly affixed thereto this 27th day of August, 2002, as follows:

(1) David L. Little, Jr.
Stephen M. Cox
Robinson, Bradshaw & Hinson, P.A.
223 East Main Street, Suite 600
Rock Hill, SC 29730

(2) O. Doyle Martin
Robert Mosley
Leatherwood Walker Todd & Mann, P.C.
P.O. Box 87
Greenville, SC 29602

Jennifer N. Jones,
Legal Assistant to
David Popowski

Charleston, South Carolina
August 27th, 2002